IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN WEDINGTON,                      :
                                       :
      Petitioner             :
                                       :
   v.                                  :    CIVIL NO. 4:CV-16-209
                                       :
UNITED STATES OF AMERICA,              :    (Judge Brann)
ET AL.,                                :
                                       :
      Respondents            :

## MEMORANDUM

April 4, 2016

**Background**

    This pro se petition for writ of habeas corpus under 28 U.S.C.§ 2241 was filed by Calvin Wedington, an inmate presently confined at the Federal Medical Center, Rochester, Minnesota (FMC-Rochester).[1]  Named as Respondents are the United States of America, the United States Attorney General and "Black Lives Matter-All Lives Matter." Doc. 1, p. 1.  The required filing fee has been paid.  For the reasons set forth below, Wedington's petition will be dismissed as meritless.

    Petitioner describes himself as being a former United States Marshal who made 2, 917 arrests with convictions and 300 arrests with no convictions "so far."  See

---

1. Petitioner also indicates that his Native American name is Running Deer and that he was convicted of second degree murder.

<u>id</u>. at ¶ 13.  The rambling disjointed Petition initially states that Wedington got shot by a "White U.S. Marshal Hit Man" while investigating the deaths of 9 Black Baltimore Police Officers.  <u>Id</u>. at ¶ 4.  Petitioner next vaguely contends that he was shot by a correctional officer while previously confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) .  The correctional officer who shot him was allegedly  sentenced to a 38 year sentence by the late Judge Malcolm Muir of this Court .  Furthermore, Petitioner maintains that in <u>Wedington v. United States</u>, Civil No. 4:95-CV-370.  Judge Muir allegedly ordered his release and  awarded him "damages in installments."[2]  <u>Id</u>. at ¶ 10.  In addition, after becoming reimprisoned, Wedington was allegedly shot for a third time by two White Deputy United States Marshals while confined in the Mental Health Unit at the Federal Medical Center, Butner, North Carolina (FMC-Butner).[3]

Petitioner does not specifically set forth the basis for his pending claim of entitlement to federal habeas corpus relief.   However, it appears that he is contending that he should be released based upon Judge Muir's disposition of his earlier action in this Court.  Petitioner adds  that exhaustion of his administrative remedies would be futile since he already talked to the President and the Armed Forces Joint Chiefs of Staff.  <u>See</u> <u>id</u>. at ¶ 8.  As relief, Wedington seeks his release from custody and an award of monetary damages.

---

2. Petitioner also points out that Independence Mall was built with reward money he received for bringing "Saddam to justice."  <u>Id</u>.

3. Wedington also suggests that after being released from the USP- Lewisburg,  he believes that he was returned to active duty by Judge Muir and President Reagan.

**Discussion**

Habeas corpus petitions brought are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d access to a federal court, it is not surprising that subjects of federal investigation.

Fantastic, delusional, and simply unbelievable claims are clearly subject to dismissal.  See Golden v. Coleman, 429 Fed. Appx. 73  (3d Cir. 2011).  Petitioner has been described as a federal prisoner who is serving a life sentence for second degree murder imposed in 1982.  See United States v. Wedington, 409 Fed. Appx. 969 (8th Cir. 2011).   He has been undergoing mental treatment at FMC-Rochester since 2005 pursuant to a commitment order under 18 U.S.C. § 4245.  See id.

A review of the docket from Wedington, Civil No. 4:95-CV-370 shows that it was a combined civil rights and Federal Tort Claims Act action before Judge Muir.

However, contrary to Plaintiff's contentions there is no indication from the docket that Plaintiff was awarded either his release from confinement or a monetary damages. On the contrary, Judge Muir issued an Order on November 14, 1995 which granted the Defendants' motion to dismiss and directed the Clerk of Court to close the case. It is additionally noted that Petitioner is not incarcerated within the confines of this district and there is no indication that he is serving a sentence imposed by the Middle District of Pennsylvania. Based upon those considerations, there is no discernible basis for this Court to exercise jurisdiction over Wedington's pending action.

In light of the irrational contentions raised by Petition, his pending action is also clearly frivolous and as such is subject to summary dismissal under Rule 4. See Kersh v. Smeler, No. 10-cv-90, 2010 WL 1372414 * 1 (D. Colo. April 5, 2010)(fantastic and delusional habeas corpus claims and supporting allegations are subject to dismissal under Rule 4); Andrews v. Dretke, No. 3-03-CV-1605, 2003 WL 22251084 *1 (N.D. Tex. Sept. 18, 2003)(a court has a duty to screen out frivolous § 2254 petitions and eliminate the burden that would be placed on respondent by ordering an unnecessary answer). Moreover, given the farfetched nature of the allegations raised by Wedington it is clear that the Petition is incapable of being cured by amendment. An appropriate Order will enter.

                                              BY THE COURT:

                                              s/ Matthew W. Brann
                                              Matthew W. Brann
                                              United States District Judge